107 F.3d 923
 156 L.R.R.M. (BNA) 2864, 323 U.S.App.D.C. 290
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
U.S. SERVICE INDUSTRIES, INC., Respondent.
 No. 96-1042.
 United States Court of Appeals, District of Columbia Circuit.
 Jan. 21, 1997.
 
 Before: SILBERMAN, WILLIAMS, and ROGERS, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This cause came to be heard on an application for enforcement of an order of the National Labor Relations Board, and was briefed and argued by counsel. While the issues presented occasion no need for a published opinion, they have been accorded full consideration by the Court. See D.C.Cir.R. 36(b) (January 1, 1994). On consideration thereof, it is
 
 
 2
 ORDERED and ADJUDGED, by this Court, that the Board's order is hereby enforced. USSI's various challenges to the Board's order fail to establish that the decision was unsupported by substantial evidence. The Board appropriately concluded that the union was engaged in an organizing campaign and that USSI violated § 8(a)(1) of the National Labor Relations Act, 29 U.S.C. § 158(a)(1) (1994), by interfering with its employees' exercise of their § 7 rights. The Board's findings that the workers struck, at least in part, because of unfair labor practices and that the strikes were not unprotected intermittent strikes had ample support in the record. There was substantial evidence that USSI unlawfully delayed reinstatement of strikers or placed them in less than equivalent jobs when they agreed unconditionally to return to work, and that USSI unlawfully told workers that they had been permanently replaced and gave bonuses to nonstriking workers. The Board reasonably concluded that USSI violated § 8(a)(3) and (1) by discriminatorily discharging and disciplining Ricardo Diaz, Cristina Diaz, Maria Treminio, Juan Bolanos, Maria Campos, Augustin Barrero, Mericruz Sorto, Estella Hernandez, Rosa Flores, and Carlos Ipanaque for their union activities.
 
 
 3
 USSI's claim that the Board issued an overly broad remedial order also fails. The Board has broad discretion under § 10(c) to devise appropriate remedies to effectuate the policies of the NLRA. See Teamsters Local 115 v. NLRB, 640 F.2d 392, 399 (D.C.Cir.), cert. denied, 454 U.S. 827 (1981). In this instance, when faced with USSI's pervasive history of unlawful practices, the Board was within its discretion in ordering the company to read, in English and Spanish, the notice to its assembled employees, and to grant access to the union, at its request, to the company's bulletin boards and to the company's employees at its job sites in nonwork areas during nonwork time. Cf. Conair Corp. v. NLRB, 721 F.2d 1355, 1385 (D.C.Cir.1983), cert. denied, 467 U.S. 1241 (1984). It is
 
 
 4
 FURTHER ORDERED, by this Court, sua sponte, that the Clerk shall withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.R. 41(a)(1) (January 1, 1994). This instruction to the Clerk is without prejudice to the right of any party at any time to move for expedited issuance of the mandate for good cause shown.